IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MITSUI SUMITOMO INSURANCE CO., LTD. | § § § | |
| *vs*. | § § | C. A. NO.  H – 15 – 300 ADMIRALTY |
| M/V MARITIME JINGAN, *etc., et al.* | § § | |

*ORIGINAL  COMPLAINT*

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Mitsui Sumitomo Insurance Co., Ltd. files this Original Complaint against Defendants, the M/V MARITIME JINGAN, *in rem*, and Jingan Navigation Co. Ltd. ("Jingan"), MSI Ship Management Pte. Ltd. ("MSI"), Aurora Tankers International Ltd. ("Aurora") and Odfjell Terminals (Houston) Inc. ("Odfjell"), *in personam*, and respectfully will prove by a preponderance of the credible evidence:

1.	This action arises from loss to a maritime cargo and/or breach of a maritime contract.  Accordingly, the Court has original jurisdiction of this admiralty and maritime claim under 28 U.S.C. §1333(1).

2.	Plaintiff is a Japanese corporation with its principal place of business in Tokyo, Japan.  At all times material, Plaintiff insured Mitsui & Co. (U.S.A.), Inc. ("Mitsui") and/or the cargo.  Plaintiff paid Mitsui for the loss of the cargo under an

insurance policy and is contractually and/or equitably subrogated to Mitsui's interest in the cargo. Plaintiff brings this action for itself and, as necessary, for every person or entity that is or may become interested in the cargo.

3. At all times material and on information and belief, the M/V MARITIME JINGAN was an ocean–going vessel, registered in China, bearing International Maritime Organization (IMO) No. 9251523, weighing approximately 29,211 gross tons, and engaged in the carriage of cargo to and from ports in the United States.

4. At all times material, Jingan owned, managed and/or operated the M/V MARITIME JINGAN as a common carrier of goods by water for hire between various ports, including the Ports of Daesan, South Korea and Houston. Jingan is a foreign entity not authorized to do business in Texas but, at all times material, did business in Texas by carrying cargo aboard vessels to and from Texas, operating and/or managing vessels in Texas navigational waters, entering into charter parties, bills of lading and/or other contracts of carriage in Texas, entering into charter parties, bills of lading and/or other contracts of carriage to be performed wholly or partly in Texas, and/or by committing a tort in Texas, each of which constitutes doing business in Texas in accordance with §17.042 of the Texas Civil Practice & Remedies Code. Jingan is a non–resident as that term is used in Subchapter C of Chapter 17 of the Texas Civil Practice & Remedies Code but has not designated or maintained a resident agent in Texas. Alternatively, although Jingan may not be subject to the jurisdiction of the courts of general jurisdiction of Texas or any other state, Plaintiff's action arises under federal law and Jingan has sufficient

national minimum contacts with the United States as a whole. The exercise of personal jurisdiction over Jingan is consistent with the Constitutions and other laws of the United States and Texas. Accordingly, serving Jingan with a summons is effective to establish personal jurisdiction over it. Jingan can be served by serving the Texas Secretary of State. Process or notice can be sent to Jingan at its home office in care of MSI Ship Management Pte. Ltd., 21–06, Shaw Tower, 100, Beach Road, Singapore 189702.

5. At all times material, MSI managed and/or operated the M/V MARITIME JINGAN as a common carrier of goods by water for hire between various ports, including the Ports of Daesan and Houston. MSI is a foreign entity not authorized to do business in Texas but, at all times material, did business in Texas by carrying cargo aboard vessels to and from Texas, operating and/or managing vessels in Texas navigational waters, entering into charter parties, bills of lading and/or other contracts of carriage in Texas, entering into charter parties, bills of lading and/or other contracts of carriage to be performed wholly or partly in Texas, and/or by committing a tort in Texas, each of which constitutes doing business in Texas in accordance with §17.042 of the Texas Civil Practice & Remedies Code. MSI is a non–resident as that term is used in Subchapter C of Chapter 17 of the Texas Civil Practice & Remedies Code but has not designated or maintained a resident agent in Texas. Alternatively, although MSI may not be subject to the jurisdiction of the courts of general jurisdiction of Texas or any other state, Plaintiff's action arises under federal law and MSI has sufficient national minimum contacts with the United States as a whole. The exercise of personal jurisdiction over MSI is consistent

with the Constitutions and other laws of the United States and Texas. Accordingly, serving MSI with a summons is effective to establish personal jurisdiction over it. MSI can be served by serving the Texas Secretary of State. Process or notice can be sent to MSI at its home office, 21–06, Shaw Tower, 100, Beach Road, Singapore 189702.

6.   At all times material, Aurora chartered, managed and/or operated the M/V MARITIME JINGAN as a common carrier of goods by water for hire between various ports, including the Ports of Daesan and Houston. Aurora is a foreign entity not authorized to do business in Texas but, at all times material, did business in Texas by carrying cargo aboard vessels to and from Texas, operating and/or managing vessels in Texas navigational waters, entering into charter parties, bills of lading and/or other contracts of carriage in Texas, entering into charter parties, bills of lading and/or other contracts of carriage to be performed wholly or partly in Texas, and/or by committing a tort in Texas, each of which constitutes doing business in Texas in accordance with §17.042 of the Texas Civil Practice & Remedies Code. Aurora is a non–resident as that term is used in Subchapter C of Chapter 17 of the Texas Civil Practice & Remedies Code but has not designated or maintained a resident agent in Texas. Alternatively, although Aurora may not be subject to the jurisdiction of the courts of general jurisdiction of Texas or any other state, Plaintiff's action arises under federal law and Aurora has sufficient national minimum contacts with the United States as a whole. The exercise of personal jurisdiction over Aurora is consistent with the Constitutions and other laws of the United States and Texas. Accordingly, serving Aurora with a summons is effective to establish

personal jurisdiction over it. Aurora can be served by serving the Texas Secretary of State. Process or notice can be sent to Aurora at its home office, Trust Company Complex, Ajeltake Road, P.O. Box 1405, Majuro, Marshall Islands.

7. At all times material, Odfjell was a Delaware corporation with its principal place of business in Houston, engaged in the business of providing bulk cargo loading, unloading, storage, transfer, distribution and/or handling services at its marine chemical tank terminal located on the Houston ship channel. Odfjell can be served by its registered agent, C T Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201–3136.

8. On or about January 2, 2014, Mitsui's shipper tendered in good order and condition to Jingan, MSI and Aurora at Daesan a bulk cargo of acetone. Jingan, MSI and Aurora agreed safely to receive, handle, load, stow, secure, carry, discharge and deliver at Houston the cargo in the same good order and condition as when received, in consideration of paid freight charges. Jingan, MSI and Aurora acknowledged receipt of the cargo in good order and condition and, accordingly therewith, issued one or more bills of lading, including Bill of Lading No. DAS–900–2, free of exceptions or other notations for loss or damage.

9. Thereafter, on or about March 3, 2014, the M/V MARITIME JINGAN arrived at Houston where Jingan, MSI and Aurora later discharged the cargo, not in the same good order and condition as when received but, on the contrary, part of the cargo was missing, short and never delivered. The loss proximately resulted from Jingan's, MSI's and Aurora's respective acts and/or omissions constituting negligence, breach of

contract, breach of bailment and/or violation(s) of the duties of a common carrier of goods by water for hire. Alternatively, the loss proximately resulted from the unseaworthiness of the M/V MARITIME JINGAN.

10. Alternatively, the shortage and loss proximately resulted from Odfjell's conduct in failing properly to unload the cargo from the M/V MARITIME JINGAN, and/or in failing properly to handle, transfer and/or store the cargo at its marine chemical tank terminal. That conduct constituted negligence, breach of contract, breach of bailment and/or failure to perform services in a workmanlike manner.

11. Plaintiff cannot more specifically allege Defendants' respective act(s) and/or omission(s) constituting negligence. Plaintiff invokes and relies upon the doctrine of *res ipsa loquitur* because the character of the loss was such that it would not have happened in the absence of negligence, and the instrumentality causing the occurrence was exclusively within Defendants' control.

12. At all times material, Mitsui performed all of its obligations under any contract(s) with Defendant(s). At no time did any of Mitsui's or Plaintiff's acts or omissions cause or contribute to cause the loss of the cargo or Plaintiff's proximately resulting loss and damages.

13. All conditions precedent have been performed or have occurred for Plaintiff to bring this suit and demand payment from Defendants of all damages, interest and costs owed for the cargo's loss.

14. By reason of the premises, Plaintiff proximately has sustained damages exceeding $12,121.64 plus interest dating from January 2, 2014, demand for which has been made upon Defendants but which they refuse to pay.

15. If any charter party, booking note, bill of lading, waybill or other contract of carriage or affreightment legally obligates Plaintiff to arbitrate all or any part(s) of any dispute(s) or matter(s) arising herein, then this Complaint constitutes, and Plaintiff hereby presents, written notice of claim and demand for relief at arbitration in the forum required and, for that purpose, appoints as arbitrators, Jack Berg of New York, or Daniel C. Walker of London.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Mitsui Sumitomo Insurance Co., Ltd. prays that: process in due form of law according to the practices of this Honorable Court in causes of admiralty and maritime jurisdiction issue against the M/V MARITIME JINGAN, her engines, tackle, apparel, furniture, equipment, etc.; all persons claiming an interest therein be required to appear and answer under oath, all and singular, the matters aforesaid; it have judgment for its damages, interest, and costs; the M/V MARITIME JINGAN be condemned and sold to satisfy the damages aforesaid; and,

This Honorable Court adjudge that Defendants, the M/V MARITIME JINGAN, *in rem*, and Jingan Navigation Co. Ltd., MSI Ship Management Pte. Ltd., Aurora Tankers International Ltd. and Odfjell Terminals (Houston) Inc., *in personam*, are liable to Plaintiff, jointly and severally, for its alleged damages, pre–judgment interest, post–judgment interest, court costs and all other relief as justice and equity allow.

Respectfully submitted,

*SHARPE & OLIVER, L.L.P.*

By _____

Robert C. Oliver
State Bar No. 15255700
S. D. Texas No. 886
550 Westcott, Suite 230
Houston, Texas 77007–5096
Telephone:    (713) 864–2221
Facsimile:    (713) 864–2228

OF COUNSEL:

R. M. Sharpe, Jr.
State Bar No. 18129000
S. D. Texas No. 889

ATTORNEYS   FOR   PLAINTIFF