## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| MITSUI SUMITOMO INSURANCE CO., LTD., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-15-300 |
| | § | |
| M/V MARITIME JINGAN, *et al.*, | § | |
| | § | |
| *Defendants*. | § | |

### ORDER

Pending before the court is plaintiff Mitsui Sumitomo Insurance Co., Ltd. ("Mitsui Sumitomo") motion for default judgment against defendant Odfjell Terminals (Houston) Inc. ("Odfjell"), *in personam*. Dkt. 9. The court, having considered the motion, attached affidavit, other relevant documents in the record, and the applicable law, is of the opinion that the motion should be GRANTED and that default judgment should be ENTERED.

### I. BACKGROUND

According to Mitsui Sumitomo's verified complaint, Mitsui Sumitomo insured Mitsui & Co. (U.S.C.), (Inc.) ("Mitsui"). Mitsui contracted with Odfjell to properly unload the cargo from M/V MARITIME JINGAN and properly handle, transfer, and store the cargo at its marine chemical tank. Dkt. 1. Mitsui asserts that Odfjell failed to properly unload, handle, transfer, and store the cargo which resulted in a shortage and loss of the cargo. *Id.* Mitsui Sumitomo filed this lawsuit to recover damages, interests, and costs related to the cargo's loss. *Id.*

Odfjell is a Delaware corporation with its principal place of business in Houston, Texas. *Id.* The vessel, M/V MARITIME JINGAN was in the Southern District of Texas when Odfjell allegedly failed to properly unload the cargo. *Id.* Mitsui Sumitomo served the summons and complaint to

Odfjell pursuant to Rule 4 on February 25, 2015.  Dkt. 4.  The summons advised Odfjell that it must serve an answer or motion to dismiss within twenty-one days of service of the summons or default would be entered for the relief demanded in the complaint.  *Id.*  The date by which Odfjell was required to respond was March 18, 2015.  *Id.*  Odjfell failed to respond to the complaint as required.

Mitsui Sumitomo filed a motion for default against Odjfell, *in personam*, on May 20, 2015. Dkt. 9.  Mitsui Sumitomo sent the motion to Odjfell via U.S. first class mail, return receipt requested.  Dkt. 9.

## II. LEGAL STANDARD AND ANALYSIS

Under Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Fed. R. Civ. P. 55(a).  Under Rule 55(b)(2), a party may apply for the court to enter a default judgment, and the "court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter."  Fed. R. Civ. P. 55(b)(2).  Local Rule 5.5 requires that motions for default judgment "be served on the defendant-respondent by certified mail (return receipt requested)."  S.D. Tex. L.R. 5.5.  A court may not enter a default judgment against a minor or incompetent person unless the person is represented by a general guardian, conservator, or other like fiduciary who has appeared.  Fed. R. Civ. P. 55(b). Additionally, a court may not enter a default judgment if the plaintiff does not file an affidavit regarding the defendant's military status.  50 App. U.S.C. § 521(1).  If the defendant is in the military service, "the court may not enter a judgment until after the court appoints an attorney to represent the defendant."  *Id.* § 521(2).  A default judgment is a "drastic remedy, not favored by the Federal

Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). "The Federal Rules of Civil Procedure are designed for the just, speedy, and inexpensive disposition of cases on their merits, not for the termination of litigation by procedural maneuver." *Id.*

Here, Mitsui Sumitomo sent the motion for default via certified mail, return receipt requested to the address it had for Odfjell, as required by the local rules. Dkt. 6. The court additionally finds that Odjeff is not a minor, not incompetent, and not engaged in active duty military service. Thus, because Odfjell failed to respond, it is appropriate to enter a default judgment against Odjell.

### III. CONCLUSION

Mitsui Sumitomo's motion for the entry of default (Dkt. 9) is therefore GRANTED. Default is hereby ENTERED against Odfjell.

Signed at Houston, Texas on July 7, 2015.

_____
Gray H. Miller
United States District Judge